UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA     )
     )
    VS.     )     CR No. 16 – 55  S
     )
JORDAN MONROE     )

---

## MOTION TO WITHDRAW AS COUNSEL

Now comes Counsel for the accused, Jordan Monroe ("Mr. Monroe"), and moves this Court to allow counsel to withdraw from representing the accused, and appoint alternate counsel. This request is being made jointly both by Mr. Monroe and counsel.

Mr. Monroe is charged via a nine count superseding indictment with various counts of production, receipt, and possession of child pornography.  He faces mandatory minimum sentences of ten years imprisonment on the six counts charging production, and five years on the two counts charging receipt.  The case has involved complicated issues of law, including an already litigated Motion to Suppress defendant's statement to police, and a pending Motion to Suppress certain electronic evidence.

On September 28, 2017 Mr. Monroe informed counsel that he was "fired."  On that same date he sent the Clerk of Court a letter informing the court of his decision and requesting the appointment of alternate Pro Bono or CJA counsel.  The letter was received by the court on October 3, 2017.  In the letter Monroe cites counsel's "profound deficiency in the current technologies" and counsel's "inability/unwillingness to attempt to understand what is being communicated to him."  Monroe further states "we have been unable to achieve a rapport that would allow us to form a cohesive defense team working towards a common goal.  This I believe will ultimately adversely affect my due process, and may also lend itself to an ineffective

1

assistance of counsel claim."

While counsel makes no comment on his own technological expertise or lack thereof, counsel unfortunately agrees that barriers exist in the attorney/client relationship that Mr. Monroe interprets as an "unwillingness to attempt to understand what is being communicated." Counsel also agrees that whatever rapport he may have shared with defendant earlier has now eroded to the point that Mr. Monroe does not trust counsel's advice and strongly believes that his due process rights are being adversely affected. And, of course, the threat of an ineffective assistance claim necessarily presents at least the appearance of a conflict between the legal interests of the client and the attorney (as well as the rest of the attorney's office).

Counsel and defendant have spent significant time attempting to sort out perceived differences in fact, law, and opinion. This time has been spent in person, on the phone, and in reading and writing letters. Those attempts have been fruitless and only made the relationship and lack of trust worse.

Counsel is well aware of the significant taxpayer expense involved with the appointment of alternate counsel. To counsel's recollection he has only joined in a defendant's request to appoint alternate counsel in one other case during his fourteen years practicing in the District Court for the District of Rhode Island. Nevertheless, in this case the communication and relationship between the defendant and counsel have broken down to such an extent that Mr. Monroe does not trust counsel and has no faith in counsel's advice or guidance. Despite considerable attempts by both sides to repair this relationship, counsel does not believe the trust can be repaired.

Mr. Monroe has significant liberty interests at stake. Counsel believes his continued representation of Mr. Monroe is not in Monroe's best interests, and reluctantly asks this court to allow him to withdraw and to appoint alternate counsel.

Counsel requests that this matter be set down for hearing at the court's earliest convenience.

Respectfully submitted
Olin Thompson
Counsel for Jordan Monroe


/s/ Olin Thompson #5684
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
olin_thompson@fd.org


CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to John McAdams, Assistant United States Attorney, and mailed to Jordan Monroe, Wyatt Detention Center, on October 25, 2017


/s/ Olin Thompson