```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF RHODE ISLAND


_____
                                   )
UNITED STATES OF AMERICA           )
                                   )
                                   )
     v.                            )    Cr. No. 16-55 WES
                                   )
JORDAN MONROE,                     )
                                   )
          Defendant.               )
_____)
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, District Judge.

   Jordan Monroe has petitioned this Court under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, entered after he pled guilty to two counts of production of child pornography and one count of possession of child pornography.  He now claims that the Court should vacate his sentence because he received ineffective assistance of counsel.  The Court finds that Petitioner's Motion to Vacate, EFC No. 87, lacks merit and thus DENIES the petition.[1]

---

[1] Petitioner has also filed a Motion to Proceed In Forma Pauperis, ECF No. 88, and three Motions to Appoint Counsel, ECF Nos. 89, 94, 97.  Because a 28 U.S.C. § 2255 Motion to Vacate has no associated fees, Petitioner's Motion to Proceed in Forma Pauperis is DENIED as MOOT.  Further, upon review, the Court is not persuaded that "the interests of justice" require appointment of counsel in this case.  28 U.S.C. § 3006A(a)(2).  Accordingly, both motions to appoint counsel are DENIED.

I. Background

On May 12, 2016, agents from Homeland Security Investigations and the Rhode Island Internet Crimes Against Children Task Force executed a search warrant at Petitioner's Warwick, Rhode Island, residence.  Petitioner was present for the search and admitted to law enforcement agents that he had been downloading and storing child pornography for twenty years.  The search unearthed thousands of images and videos of child pornography, and Petitioner was arrested.[2]  On June 7, 2016, a Federal Grand Jury returned an Indictment, ECF No. 7, charging Petitioner with four counts of possession of child pornography in violation of 18 U.S.C. § 2251(a).  Two years later, in April 2018, a Federal Grand Jury returned a thirteen-count Second Superseding Indictment,[3] ECF No. 33, that charged Petitioner with, among other crimes, six counts of production of child pornography in violation of § 2251(a) and (d) and one count of possession in violation of 28 U.S.C. § 2252(a)(4).  This Second Superseding Indictment stemmed from new evidence, including images and videos of Petitioner sexually assaulting a minor, discovered in Petitioner's former residence,

---

[2] For more details of the execution of the search warrant, Petitioner's statements to police, and Petitioner's arrest, see United States v. Monroe, 264 F. Supp. 3d 376, 379-82 (D.R.I. 2017).

[3] The First Superseding Indictment was filed in August 2016.

which the homeowner voluntarily turned over to law enforcement.

Initially, Petitioner was represented by Attorney Olin Thompson. Attorney Thompson filed a motion to suppress the statements Petitioner made during the execution of the search warrant in May 2016 as well as statements made during a later, voluntary polygraph examination, arguing that the nature of the interviews violated his Fifth Amendment privilege against self-incrimination. See Mem. Supp. Mot. Suppress, ECF No. 20. This Court granted the motion in part and denied it in part, suppressing many of Petitioner's statements. See Op. & Order 24, ECF No. 29.

Attorney Thompson also filed a Motion to Suppress all evidence obtained as a result of law enforcement's acquisition of Petitioner's IP address pursuant to § 2703(d) of the Stored Communications Act, arguing that the two magistrate judges who ordered disclosure of the IP address lacked jurisdiction over the case. See Mot. Suppress, ECF No. 24; Mem. & Order 1-2, ECF No. 41. Prior to this Court's decision denying the motion, Attorney Thompson filed a motion to withdraw as counsel, ECF No. 30, citing his opinion that "barriers exist[ed] in the . . . relationship" and Petitioner's displeasure with his representation. This Court granted the motion to withdraw and appointed Attorney George West to represent Petitioner. See ECF No. 31. Attorney West filed supplemental materials regarding the second motion to suppress.

3

The Court denied the motion. Mem. & Order, ECF No. 41.

A year after Attorney West was appointed, Petitioner, acting pro se, sent a letter to the Court, docketed as a Motion to Appoint New Counsel, ECF No. 43, stating that "[Attorney] West has been terminated as attorney of record. This action is necessary as he has provided ineffective assistance of counsel[] and is not properly def[e]nding and vindicating my Constitutional Rights." Specifically, Petitioner stated that Attorney West had ignored letters, had not responded to phone calls, filed motions to continue without first reviewing them with Petitioner, engaged in plea negotiations against Petitioner's direction, refused to visit Petitioner at Wyatt Detention Facility, refused to file motions "vindicating and defending [Petitioner's] Constitutional Rights," failed to request an order giving Petitioner access to email, spent too much time "worrying about what Judge Smith wants," and ignored requests for records and information. Mot. Appoint New Counsel 1-2. On December 11, 2018, the Court held a hearing on the motion. Following discussion, it became clear that the dispute was due to miscommunication, and the Court denied the motion as moot.

Thereafter, Petitioner pled guilty to two counts of production of child pornography and one count of possession of child pornography as contained in the Second Superseding Indictment. See Plea Agreement 1, ECF No. 53. Petitioner was

sentenced to 480 months incarceration to be followed by a lifetime of supervised release. J. 1-2, ECF No. 67.

Petitioner appealed, challenging the Court's rulings on his motions to suppress and challenging his sentence. United States v. Monroe, 19-1869, 19-1872, 2021 WL 8567708, at *1 (1st Cir. Nov. 1, 2021). The First Circuit affirmed. Id. at *3. Petitioner then filed a petition for writ of certiorari with the United State Supreme Court, which was denied. Monroe v. United States, 142 S. Ct. 2885 (2022).

Petitioner now argues that his right to effective assistance of counsel was violated, asserting nine bases: (1) counsel's failure to move to suppress the evidence obtained pursuant the search warrant executed on May 12, 2016; (2) counsel's failure to move to quash the May 13, 2016 arrest warrant; (3) counsel's failure to challenge this Court's jurisdiction over the case; (4) counsel's failure to move to quash the June 2016 Indictment; (5) counsel's failure to move to quash the June 30, 2016 search warrant; (6) counsel's failure to use impeachment evidence during the motion to suppress hearing; (7) Attorney West's failure to address Attorney Thompson's alleged failings and failure to file motions Petitioner drafted himself; (8) the alleged choice Petitioner faced between proceeding as pro se or proceeding with ineffective assistance of counsel; and (9) counsel's advice that

allegedly resulted in an unknowing and involuntary guilty plea. Mot. Vacate 4, 7, 9, 12, 14, 16, 19, 22, 24, ECF No. 87.

II. Discussion[4]

Section 2255 provides for post-conviction relief if the imposed sentence violated the Constitution, the Court lacked jurisdiction to impose the sentence, the sentence exceeded the statutory maximum, or the sentence is subject to some other collateral attack. David v. United States, 134 F.3d 470, 474 (1st Cir. 1998)(citing Hill v. United States, 368 U.S. 424, 426-27

---

[4] The Court resolves this motion without holding an evidentiary hearing. An evidentiary hearing is not needed where "the movant's allegations, even if true, do not entitle him to relief, or . . . [when] the movant's allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible." DeCologero v. United States, 802 F.3d 155, 167 (1st Cir. 2015) (quoting Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007)). Further, "[w]here, as here, the judge who presided at the petitioners' trial is the same judge who decided the § 2255 motion, 'the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing.'" Id. (quoting United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993)). "A district judge's decision not to hold an evidentiary hearing before denying a § 2255 motion is generally respected as a sound exercise of discretion when the judge denying the § 2255 motion also presided over the trial in which the petitioner claims to have been prejudiced." Id. (quoting United States v. Baxter, 761 F.3d 17, 24 n.5 (D.C. Cir. 2014)). Additionally, although Petitioner noted the possible need for an evidentiary hearing, Reply 1, ECF No. 93, he also has specifically requested that this motion be assessed on the papers. See Mot. J. on the Pleadings, ECF No. 95.

(1962)). "The catch-all fourth category includes only assignments of error that reveal 'fundamental defect[s]' which, if uncorrected, will 'result[ ] in a complete miscarriage of justice,' or irregularities that are 'inconsistent with the rudimentary demands of fair procedure.'" Id. (quoting Hill, 368 U.S. at 428). An allegation of ineffective assistance of counsel falls under this fourth category.

Strickland v. Washington sets forth the two-part inquiry used to determine whether "counsel's assistance was so defective as to require reversal of a conviction . . . ." 466 U.S. 668, 687 (1984). Importantly, included in the test is a "strong presumption that counsel's conduct falls within the wide range of reasonable profession assistance." Smullen v. United States, 94 F.3d 20, 23 (1st Cir. 1996) (quoting Strickland, 466 U.S. at 689). In order to prevail on an ineffective assistance of counsel claim, Petitioner must establish both that "counsel's representation 'fell below an objective standard of reasonableness'" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Padilla v. Kentucky, 559 U.S. 356, 366 (2010) (quoting Strickland, 466 U.S. at 688, 694). "A defendant's failure to satisfy one prong of the Strickland analysis obviates the need for a court to consider the remaining prong." Tevlin v. Spencer, 621 F.3d 59, 66

7

(1st Cir. 2010).

The Court first turns to the category of arguments challenging defense counsel's failure to seek suppression of various warrants and of evidence obtained during the 2016 search, Grounds One, Two, Four, and Five of the Motion to Vacate. Each of these fails for the same reason: given the new evidence obtained via consent in 2018, Petitioner cannot establish that, were the Court to conclude that both counsel were ineffective for failing to seek suppression, he was prejudiced. The evidence produced in 2018 was the basis of the production and possession of child pornography charges to which Petitioner pled. See Second Superseding Indictment, ECF No. 33; Plea Agreement, ECF No. 53; J., ECF No. 67. Further, Plaintiff does not allege any constitutional violations related to this evidence. Thus, even if the 2016 search warrant, the evidence obtained via the 2016 search warrant, the 2016 arrest warrant, and the 2016 indictment were all suppressed, the result of the proceeding would not have been different.

In Ground Six, Petitioner attacks Attorney Thompson's actions during the June 1 and 2, 2017, hearing on the motion to suppress Petitioner's statements made during the execution of the 2016 search warrant. First, Petitioner argues that Attorney Thompson should have objected to the introduction of certain exhibits, specifically the transcripts containing the statements sought to

be suppressed, the Miranda Forms used during the interviews at issue, a polygraph consent form, an interview timeline, and a photograph of the interview room.  Mot. Vacate 17; June 1, 2017 Tr. 3:22-4:16.  First, Petitioner has not explained the reason such exhibits should have been objected to; second, the introduction of these exhibits was essential to the determination on the motion to suppress.  As the Government points out, "[h]ow could the Court ever decide the Motion to Suppress if it never reviewed [this evidence]?"  Gov.'s Opp. 13 n.2, ECF No 91. Further, the Motion to Suppress was largely successful, resulting in the suppression of many of Petitioner's statements.  Accordingly, the Court would be hard pressed to conclude that Attorney Thompson's failure to object constituted ineffective representation.

Petitioner also argues that, during the hearing, Attorney Thompson should have objected to testimony from Homeland Security Special Agent James Richardson, who executed the 2016 search warrant.  Mot. Vacate 17; June 1, 2017 Tr. 7:2-19, ECF No. 74. Petitioner argues that Agent Richardson's testimony on the nature of the search warrant[5] was false and should have been objected to

---

[5] The attacked testimony is contained in the following colloquy:

> [Prosecutor:] Turning your attention to May 12, 2016, were you assigned a federal search warrant to search the premises of 65 Jambray Avenue in Warwick, Rhode Island?

9

because the search warrant was constitutionally invalid. This argument is premised on the false notion that because a search warrant might be constitutionally invalid any testimony on the purpose of the warrant is a misstatement of fact. Even assuming Petitioner is correct that the 2016 search warrant is invalid, that does not render Agent Richardson's statements false as he testified to facts about the warrant that would not be affected if the warrant was found to be invalid. Accordingly, this argument is also rejected.

Petitioner also argues that counsel failed to use impeachment evidence to undermine Agent Richardson's credibility. Mot. Vacate 18, 25. As far as the Court can surmise, Petitioner's claim is that the 2016 search warrant and the affidavit in support of an application for a subsequent warrant to search various electronic devices retrieved during the May 2016 search, see PX4, ECF No. 93-

---

[Richardson:] Yes.

[Prosecutor:] Briefly, could you explain to the Court what the nature of the search warrant was.

[Richardson:] The nature of the search warrant was we were searching for evidence of possession and receipt of child pornography.

[Prosecutor:] And that warrant specifically was to seize and search any electronic media computer devices that might have child pornography on them?

[Richardson:] Correct.

June 1, 2017 Tr. 7:16-8:3, ECF No. 74.

10

1, which he argues are unconstitutional, should have been used as impeachment evidence. See id. at 18. Putting aside the procedural and evidentiary problems with this, Petitioner is again conflating an issue of fact with an issue of law. Accordingly, the Court also rejects this argument.

Next, the Court considers Petitioner's argument that counsel were ineffective for failing to file a motion challenging the Court's jurisdiction over the case (Ground Three). Mot. Vacate 9. The Court has considered each of Petitioner's arguments in support of this claim and determined that each lacks merit. The Court properly has jurisdiction over criminal cases involving "offenses against the laws of the United States," 18 U.S.C. § 3231, and Petitioner has pointed to no reason why jurisdiction was lacking.

Ground Seven raises complaints regarding Attorney West's conduct; these can be divided into two categories: (1) failure to address Attorney Thompson's alleged inadequacies and (2) failure to comply with Petitioner's varied demands. See Mot. Vacate 19-20. The first of these is based on the issues raised in Grounds One through Six. Given that the Court has already rejected each of these challenges, this argument likewise fails. As to the second category, Petitioner raised these concerns before the Court during the December 11, 2018 hearing on Petitioner's pro se Motion to Appoint New Counsel. After discussion between Petitioner,

Attorney West, and the Court, Petitioner acknowledged that much of the disagreement was based on misunderstanding and made clear that he was satisfied with his representation. Further, during the proceeding, the Court considered Petitioner's allegations and determined that Attorney West's representation was competent and adequate as required by the Constitution. Accordingly, the Court denied the Motion to Appoint Counsel as moot.

Petitioner has pointed to nothing about Attorney West's conduct that made it "f[a]ll below an objective standard of reasonableness." Padilla, 559 U.S. at 366. Although "[a] party has a right to represent himself or to be represented by an attorney, . . . he cannot have it both ways." McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004) (noting that "hybrid representation occasionally may be permitted" (emphasis added)). While counsel is in many ways the defendant's assistant, "[t]rial management is the lawyer's province: Counsel provides [their] assistance by making decisions such as 'what arguments to pursue, what evidentiary objections to raise, and what agreements to conclude regarding the admission of evidence.'" McCoy v. Louisiana, 138 S. Ct. 1500, 1508 (2018) (quoting Gonzalez v. United States, 553 U.S. 242, 248 (2008)). The decisions reserved for the client include "whether to plead guilty, waive the right to a jury trial, testify on one's own behalf, and forgo an appeal." Id. Further, defense

12

counsel is appropriately constrained by the rules of professional responsibility to "not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law." R.I. Disciplinary R. of Pro. Conduct 3.1; Loc. R. Gen. 208, 209 (c)(1). Attorney West, being bound to these ethical standards, had a responsibility to not file any frivolous or baseless motions. In sum, the fact that Petitioner did not agree with every facet of Attorney West's representation does not render that representation ineffective.

In Ground Eight, Petitioner argues that he received ineffective assistance of counsel because the Court made him decide between proceeding with ineffective counsel or proceeding pro se. Mot. Vacate 22. As with Ground Seven, this argument ignores the discussion held during the December 11, 2018 hearing on Petitioner's pro se Motion to Appoint New Counsel in which Petitioner made clear that he was satisfied with Attorney West's representation despite some miscommunication. Petitioner's own conduct undercuts his argument that the Court presented him with an impermissible choice; he informed the Court, in response to questioning, that his concerns had been mollified and he did not object to Attorney West's continued representation. The record is

clear that if the Court was concerned with the effectiveness of Attorney West's representation, Petitioner would not have been forced to proceed with him as counsel. Indeed, as discussed above, Petitioner has pointed to nothing about Attorney West's conduct that rendered it ineffective, and the Court considered many of Petitioner's concerns and determined that Attorney West's conduct was appropriate. Petitioner has merely established that he did not agree with Attorney West's style of communication and his opinions on how to proceed on the legal issues in the case. Accordingly, the Court concludes that this argument is without merit.

Finally, Petitioner argues that Attorney West provided ineffective assistance rendering Petitioner's guilty plea was "unknowing and involuntary." Mot. Vacate. 24. The majority of Petitioner's argument in support of this position is simply a rehashing of Grounds One through Seven, and, therefore, the Court rejects this aspect of Ground Nine. Petitioner also argues that he "was not fully informed by counsel or the court as to all of the actual effects of the plea agreement" and that the plea agreement "excluded extrinsic provisions that were not explained to [Petitioner] but were enforced by the [First Circuit]." Mot. Vacate 26. It is not clear what Petitioner means by this, nor has he identified what exactly he was not informed about. The Court,

14

endeavoring to glean Petitioner's specific complaint from the record, has reviewed the plea agreement, ECF No. 53, the transcript of the hearing on Petitioner's change of plea, ECF No. 79, and the First Circuit's decision on the appeal of the decisions on the two motions to suppress, Monroe, 2021 WL 8567708, and finds no support for Petitioner's contention. Thus, as with the other grounds asserted in the Motion to Vacate, Ground Nine lacks merit.

III. Conclusion

Accordingly, Petitioner's Motion to Vacate made pursuant to 28 U.S.C. § 2255 is DENIED.[6]

## RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability (COA) because Petitioner has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Petitioner is advised that any motion to reconsider this

---

[6] Petitioner has also filed a Motion for Judgment on the Pleadings, ECF No. 95. To the extent Petitioner seeks judgment on the papers alone, such motion is GRANTED; however, to the extent it seeks judgment in Petitioner's favor, the motion is DENIED for the reasons contained in this decision.

ruling will not extend the time to file a notice of appeal in this matter.  See Rule 11(a), Rules Governing Section 2255 Proceedings.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
District Judge
Date:  May 18, 2023