UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | :   C.R. No. 16-55WES |
| | : |
| JORDAN MONROE | : |

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge.

    Petitioner Jordan Monroe has appealed *pro se*,[1] ECF No. 100, from this Court's denial, ECF No. 98, of his motion to vacate, set aside or correct his sentence brought pursuant to 28 U.S.C. § 2255. In connection with this appeal, he has filed a motion asking the Court for leave to prosecute the appeal *in forma pauperis* ("IFP"). ECF No. 105. The IFP motion has been referred to me. For the reasons stated below, I recommend that the Court certify that Petitioner's appeal is not taken in good faith pursuant to Fed. R. App. P. 24(a)(3)(A) and that the IFP motion be denied. Because denial of IFP status may be dispositive of the appeal, the IFP motion is addressed by this report and recommendation. United States v. Monteiro, C.R. No. 15-48WES, 2022 WL 1439080, at *1 (D.R.I. May 6, 2022), accepted by text order (D.R.I. May 23, 2022); Keselica v. Wall, No. CA 07-224 ML, 2007 WL 2126518, at *1 (D.R.I. July 23, 2007) (denial of IFP motion is functional equivalent of dismissal; magistrate judge should issue report and recommendation for final decision by district court).

## Background

    In May 2016, Petitioner was arrested for production, receiving, distributing and possession of child pornography. ECF Nos. 1, 6. Petitioner was found to be indigent and the

---

[1] Because Petitioner is *pro se*, I have interpreted his filings liberally. Instito de Educacion Universal Corp. v. United States Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000).

Court appointed counsel for him. ECF No. 2. On June 7, 2016, Petitioner was indicted. ECF No. 7. On August 30, 2016, through a superseding indictment, ECF No. 11, the counts of production of child pornography increased to six; a second superseding indictment, ECF No. 33, increased them to ten, bringing the total counts to thirteen. Petitioner's suppression motions were denied in whole or in part. See United States v. Monroe, 350 F. Supp. 3d 43, 44 (D.R.I. 2018); United States v. Monroe, 264 F. Supp. 3d 376, 378-79 (D.R.I. 2017). Following the filing of a plea agreement, on May 7, 2019, the Court accepted Petitioner's plea of guilty to Counts One, Five, and Thirteen. ECF No. 53. On August 22, 2019, Petitioner was sentenced to a total term of 480 months of incarceration, followed by a life term of supervised release. ECF No. 67 at 2-3. On direct appeal, Petitioner challenged *inter alia* his sentence and the Court's rulings on the motions to suppress. ECF No. 69. Based on the First Circuit's conclusions that the suppression argument was waived by Petitioner's plea and that he did not demonstrate reversible sentencing error, the judgment of the District Court was affirmed. United States v. Monroe, No. 19-1869, 2021 WL 8567708, at *1-3 (1st Cir. Nov. 10, 2021). The United States Supreme Court denied certiorari. Monroe v. United States, 142 S. Ct. 2885 (2022).

In his § 2255 motion to vacate, Petitioner argued that the sentence should be vacated on the grounds of ineffective assistance of counsel. This Court denied the motion to vacate in a decision that issued on May 18, 2023. United States v. Monroe, Cr. No. 16-55 WES, 2023 WL 3539625, at *1 (D.R.I. May 18, 2023). In the decision, the Court found that Petitioner's motion to vacate was lacking in merit. Id. The Court thoroughly examined each of Petitioner's nine contentions that the assistance he received from each of the attorneys appointed to represent him failed to meet the standard established in Strickland v. Washington, 466 U.S. 668, 687 (1984). Id. at *3-5. The Court found lacking in any merit all of Plaintiff's arguments regarding

ineffective assistance in challenging the evidence procured in 2016, including that Petitioner's contentions did not meet the Strickland prejudice prong because it was evidence procured in 2018 that was the basis for Petitioner's plea. Id. at *3. Further, far from being ineffective, the Court noted that Petitioner's first attorney was largely successful on the motion to suppress. Id. The Court separately found that none of Petitioner's specific arguments about the attorney's handling of the suppression hearing had any merit. Id. at *3-4. The Court further found that each of Petitioner's arguments that his attorneys were ineffective based on the failure to challenge the Court's jurisdiction was lacking in any merit. Id. at *4. And the Court rejected Petitioner's challenges to the assistance received from his second attorney because, among other reasons, he "has pointed to nothing about Attorney West's conduct that made it 'f[a]ll below an objective standard of reasonableness.'" Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 366 (2010) (alteration in original). Finally, based on these findings and on its review of the plea, the colloquy during the change of plea hearing and the First Circuit's decision, the Court rejected Petitioner's vague argument that there was something unspecified of which he "was not fully informed" and found meritless Petitioner's contention that his guilty plea was not knowing and voluntary. Id. at *5. In light of the lack of merit of any of Petitioner's arguments, the Court separately found that "this case is not appropriate for the issuance of a certificate of appealability (COA) because Petitioner has failed to make a substantial showing of the denial of a constitutional right as to any claim." Id.

On June 7, 2023, Petitioner filed a notice of appeal from the denial of the motion to vacate. ECF No. 100. This IFP motion followed on June 20, 2023. ECF No. 105. For the IFP motion, Plaintiff did not use the prescribed Form 4 of the Appendix of Forms as required by Fed. R. App. P. 24(a), although his application includes an affidavit and a six-month account

statement that is sufficient to establish indigency.  Id.  However, the IFP motion does not comply with the requirements that it must claim an entitlement to redress and state the issues that Petitioner intends to present on appeal.  Id.; see Fed. R. App. P. 24(a)(1)(B)-(C).  That is, Petitioner has failed to identify any error committed by the District Court and has not otherwise articulated any basis for this appeal.

## Analysis

Although 18 U.S.C. § 3006A(d)(7) provides that "[i]f a person for whom counsel is appointed . . . appeals to an appellate court . . . , he may do so without prepayment of fees and costs or security . . . and without filing the affidavit required by section 1915(a) of title 28."  Fed. R. App. P. 24 adds the proviso that a "party who was permitted to proceed in forma pauperis in the district[]court . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the district court . . . certifies that the appeal is not taken in good faith."  Fed. R. App. P. 24(a)(3).  This provision of the Rule echoes 28 U.S.C. § 1915(a)(3), which provides that, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  As this Court has explained,

> The good faith standard is an objective one, and an appeal is considered not taken in good faith if the appeal seeks review of issues that are frivolous.  An appeal is deemed frivolous when it is based on an indisputably meritless legal theory or factual allegations that are clearly baseless.

Lyons v. Wall, C.A. No. 08-498 ML, 2010 WL 5562620, at *2 (D.R.I. Nov. 30, 2010) (internal quotation marks and citations omitted), adopted, 2011 WL 87345 (D.R.I. Jan. 10, 2011).

Because Petitioner was found to be indigent by the Court, which appointed counsel and permitted him to proceed IFP at the outset of this case, he may proceed IFP on appeal unless the Court finds and certifies that his appeal is not taken in good faith.  See Fed. R. App. P. 24(a)(3)(A).  That is, if the merit of his appeal passes muster, he is clearly eligible for IFP status.

4

Mindful of Petitioner's *pro se* status, I have looked past his failure to state the basis for his appeal and have carefully examined the Court's detailed analysis of each of Petitioner's arguments. Based on this review, I find that Petitioner's appeal is frivolous in that it is based on indisputably meritless legal theories and on factual allegations that are clearly baseless. Therefore, I find that Petitioner's appeal is not taken in good faith. This finding also rests on the Court's denial of a certificate of appealability based on the lack of merit of every legal and factual argument Petitioner presented. See Richardson v. United States, Civil Action No. 09-30079-MAP, 2010 WL 4450446, at *1 (D. Mass. Oct. 14, 2010) (although standard for granting IFP on appeal is somewhat lower than standard for certificate of appealability, "[w]here the court denies a certificate of appealability because the petition was without merit, then it should also deny [IFP] status on appeal because the appeal is not taken in good faith") (internal quotation marks and citations omitted), adopted, 2010 WL 4450408 (D. Mass. Nov. 4, 2010).

## Conclusion

The finding that Petitioner's appeal is not taken in good faith is fatal to Petitioner's IFP motion. Although Petitioner may be financially qualified for IFP status on appeal pursuant to Fed. R. App. P. 24(a)(1)(A), Fed. R. App. P. 24(a)(3) provides that an appeal may not be taken on an IFP basis if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). Based on this finding, I recommend that the Court certify that this appeal is not taken in good faith. Based on such certification, I further recommend that the IFP motion (ECF No. 105) be denied.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Crim. P. 59(b); DRI LR Cr 57.2(d). Failure to file specific objections in a timely manner constitutes

waiver of the right to review by the district judge and the right to appeal the Court's decision.

See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan  
PATRICIA A. SULLIVAN  
United States Magistrate Judge  
July 27, 2023